**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)
**NORGAARD O'BOYLE & HANNON**
**Brian G. Hannon, ESQ. (BH - 3645)**
bhannon@norgaardfirm.com
184 Grand Avenue
Englewood, New Jersey 07631
(201) 871-1333
*Attorneys for Debtor*

In Re:

**JOANNE MARIE GEYH,**

          Debtor.

Chapter 13

Case No. 24-20489 (VFP)

Hearing Date: October 16, 2025

Time: 2:00 p.m.


**FIRST APPLICATION FOR ALLOWANCE OF FEES AND**
**EXPENSES OF DEBTOR'S COUNSEL AND CERTIFICATION IN SUPPORT OF**
**APPLICATION IN CHAPTER 13 CASE**


BRIAN G. HANNON, Esq. certifies as follows:

1.     I am a member of the firm of Norgaard O'Boyle & Hannon ("Applicants"), the attorneys for the Debtor in the above-captioned matter.  I make this certification in support of Applicant's First Application for Allowance of supplemental fees and expenses in the above-captioned Chapter 13 case.

2.     Applicant has made no prior application for allowance of compensation or for reimbursement of expenses in this matter.  Prior to commencement of the case, Applicant received $4,313.00 on account of its services and expenses in this matter.

3.     In addition to the funds previously received, Applicant seeks compensation for the services rendered and expenses incurred from June 20, 2024 through September 17, 2025 in the amount of $3,828.19.

4.      Applicant has performed the services and incurred the expenses described in the **time detail** attached as **Exhibit A** hereto.  Applicant seeks allowance of compensation for its services rendered in the amount of $3,775.75 and expenses incurred in the amount of $52.44.

5.      The retainer agreement is attached hereto as **Exhibit B**. The retainer agreement provides that the fee charged will be $4,000.00 plus the filing fee of $313, with applications for further fees.

6.      Applicant respectfully requests the Court to direct payment of $3,828.19 allowance through the Chapter 13 Plan as an administrative priority.

7.      Applicant respectfully submits that the services for which it seeks compensation and the expenses for which it seeks reimbursement were necessary, and that the amounts requested are reasonable.  To effectively advise the Debtor and to develop an appropriate strategy to address his various obligations, Applicants thoroughly analyzed her budget to determine the amount of her regular expenses, and to determine the nature and extent of the claims against her. In addition, Applicant prepared the Debtor's schedules and petition as well as a chapter 13 plan. Applicants attended the Debtor's 341(a) meeting of creditors and reviewed numerous proofs of claim filed by the Debtor's creditors.

8.      Furthermore, Applicant assisted the Debtor by working with the Debtor on numerous complicated issues pertaining the Debtor's interest in a trust.  Applicant drafted and sent out a subpoena to obtain documents on the trust, reviewed those documents upon receipt of same with the Debtor and then had numerous conversations with the attorney for the trust pertaining to the structure of same, the status of the various properties held by the trust and the timeline for a lump sum payment from the trust to the Debtor.

9.      Lastly, Applicant helped the Debtor with an issue pertaining to a vehicle and drafted a second modified plan for the Debtor. In connection with same, Applicant had conversations with the Debtor, the secured creditor's attorney, the Chapter 13 trustee and potential parties interested in assisting the Debtor find a replacement vehicle.  Unfortunately, as of the filing of this application, no replacement vehicle has been obtained.

10.     In view of the above, Applicant respectfully requests this Court to enter an order granting the application for allowance of fees and expenses, allowing Applicant an administrative claim and requiring payment of $3,828.19 of such claim as an administrative priority through the Chapter 13 plan.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


/s/*Brian G. Hannon, Esq.*
Brian G. Hannon, Esq.

Dated: September 17, 2025