# Exhibit A

Norgaard  O'Boyle & Hannon
184 Grand Avenue
Englewood, NJ 07631
(201) 871-1333
Gary K. Norgaard PC Fed. #22-3150094

Joanne Geyh                                                    September 17, 2025

Our Invoice #:   42812
Our File #:      24-139N

Re:     Joanne Geyh - 24-139
        Bankruptcy CH13
        Opened 6/24/24 - Assn'd to BGH/KC
        Fee $4,000 & $313 Filing Fee

### Filed on 10/23/24 - Case #24-20489

Professional Services

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 9/20/2024 | KM | Updated Petition and Schedules. | 1.00 | |
| 10/22/2024 | KM | Review email from client with pay stubs. Updated Petition and Schedules | 0.50 | |
| 11/5/2024 | KM | Filed Pre Confirmation Certification with the court. | 0.20 | |
| 11/11/2024 | AM | mailed out subpoena of Richard Sisco Trust | 0.10 | |
| 12/19/2024 | BH | Read and review POC | 0.10 | |
| 12/26/2024 | BH | Read and review POC | 0.10 | |
| | BH | Read and review POC | 0.10 | |
| 1/10/2025 | BH | Read and review subpoena response and letter | 0.30 | |
| | BH | Phone call with client; read and review documents; review matter | 0.50 | |
| 1/14/2025 | BH | Read and respond to email from trustee; phone call with client | 0.30 | |
| 1/15/2025 | BH | Read and respond to emails from the Trustee | 0.10 | |
| 1/21/2025 | BH | Discuss matter with associate; review documents | 0.30 | |
| | BH | Phone call with attorney for the trust | 0.40 | |
| 1/23/2025 | BH | Phone call with Charels Gruen about the trust; review emails | 0.30 | |
| 1/27/2025 | BH | Read and review email from Charles on the trust; review documents pertaining to same | 0.80 | |
| 5/30/2025 | BH | Read and review emails; phone call with client about the case and the status of the trust payment; review estate email and email attorney for the estate | 2.20 | |
| 6/9/2025 | MEN | Meet with partner. Review emails and docs from trustee. Strategize. | 0.30 | |
| 6/16/2025 | MEN | Send email to Charles Gruen RE status of outstanding info. | 0.20 | |
| | BH | Read and review emails; discuss with associate | 0.20 | |
| | BH | Read and review emails | 0.10 | |

Joanne Geyh                                                                                    Page     2

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 6/25/2025 | BH | Read and respond to email from trust attorney | 0.30 | |
| 7/8/2025 | BH | Phone call with client about the case | 0.30 | |
| 7/10/2025 | BH | Read and review emails; review Motion for relief filed by mercedes; discuss matter with Client | 0.40 | |
|  | BH | Read and review email from trust attorney; review documents from the trust attorney and discuss with client | 0.50 | |
| 7/22/2025 | BH | Read and review emails;  discuss with paralegal | 0.20 | |
| 7/24/2025 | BH | Phone call with client about the case; call Sansone | 0.60 | |
| 7/31/2025 | BH | Review opposition; discuss matter with paralegal and client; discuss potential new vehicle with client and provide client with contact for potential used car | 0.60 | |
| 8/8/2025 | BH | Read and review emails; phone call with client | 0.30 | |
| 9/15/2025 | BH | Begin drafting Modified plan; emails with client; discuss with paralegal | 0.30 | |
|  | BH | Read and review emails; draft modified plan; email client and discuss matter with paralegal | 1.00 | |
|  | BH | Read and respond to email from trustee | 0.10 | |
| 9/17/2025 | BH | Review matter; have modified plan filed | 0.20 | |
|  | BH | Draft Fee App; have same filed | 0.50 | |
| 9/13/2024 | KM | Phone call from client. | 0.20 | |
| 10/3/2024 | KM | Email to client to review finalized petition and plan and advise if approved. | 0.10 | |
|  | KM | Revised Petition and Schedules. Prepared Plan draft. | 0.75 | |
| 10/10/2024 | KM | Review emal from client. Email response. Forwarded email to BGH to advise because the client is looking for status. Email response to client. | 0.20 | |
| 10/17/2024 | KM | Discussion with Brian | 0.10 | |
| 10/18/2024 | KM | Email to client re pay stubs needed. Review response. | 0.10 | |
| 10/21/2024 | KM | Review email from client re bank statements attached. She advised she will send pay stubs tomorrow. | 0.20 | |
| 10/24/2024 | KM | Review email from client re executed mod plan. Filed 1st Mod Plan with the court. | 0.30 | |
|  | KM | Prepared Pre-Confirmation Certification and emailed to client to review sign and return | 0.30 | |
| 10/25/2024 | KM | Review email from client. Email response. | 0.20 | |
| 11/7/2024 | MEN | Discuss with partner. | 0.10 | NO CHARGE |
| 11/11/2024 | KM | Email follow-up to client for paperwork for 341a meeting. Review email response. | 0.20 | |
|  | KM | Review court email re POC filed by TD Bank. Emailed to client. | 0.20 | |
|  | MEN | Draft subpoena for Charles Gruen, Esq. | 0.60 | |
| 11/19/2024 | KM | Review court email re JP Morgan Chase Card Proof of Claim. Saved in file. Emailed to client. | 0.25 | |
| 11/25/2024 | KM | Review court email re Proof of Claim filed by JP Morgan Chase. Saved in file. Emailed to client. | 0.25 | |
| 12/2/2024 | KM | Email to client re 341a meeting reminder. | 0.10 | |
| 12/4/2024 | MEN | Read and respond to partner email. | 0.10 | |
|  | MEN | Review subpoena response. Email findings to partner. | 0.30 | |
| 12/5/2024 | MEN | Draft letter to Charles Gruen, Esq. regarding subpoena response. | 1.80 | |
| 1/2/2025 | KM | Review court email re Proof of Claim filed by JP Morgan Chase. Saved in file. Emailed to client. | 0.25 | |
|  | KM | Review court email re POC filed Resurgent Receivables. Saved in file. Emailed to client. | 0.25 | |
| 1/13/2025 | KM | Review email from client re asking if anything is need for confirmation hearing. Emaikl response. | 0.20 | |

Joanne Geyh

| | | | Hours | Amount |
|---|---|---|---|---|
| 1/17/2025 | KM | Review court email re hearing results-case confirmed. | 0.10 | |
| 1/20/2025 | KM | Review court email re Trustee Annual Report. Saved in file. Emailed to client. | 0.25 | |
| 1/21/2025 | KM | Review court email re Order Confirming Ch13 Plan. Saved in file. Emailed to client. | 0.25 | |
| 1/27/2025 | KM | Review email from Trust re document to print and save in file. | 0.20 | |
| 1/30/2025 | KM | Review court email re Financial Management Certificate attached. | 0.40 | |
| 6/30/2025 | MEN | Send follow up email to Charles Gruen, Esq. | 0.10 | |
| 7/10/2025 | KM | Review court email re NOA Mercedes | 0.20 | |
| | KM | Review court email re Motion for relief filed by Mercedes. Saved in file. Emailed to client. | 0.25 | |
| 7/16/2025 | KM | Email to client re forward dealership to contact for new vehicle | 0.10 | |
| 7/23/2025 | KM | Phone call from client | 0.25 | |
| 8/18/2025 | KM | Review court email re hearing results-motion granted. Review court email re Order Granting Motion for relief entered. Saved in file. Emailed to client. | 0.25 | |
| 8/20/2025 | KM | Review court email re Trustee's Motion to Dismiss. Saved in file. Discussion with BGH | 0.25 | |
| 8/21/2025 | KM | Review court email re hearing reschedules | 0.10 | |
| 8/26/2025 | KM | Review email from client. Phone call from client re Trustee's Motion to Dismiss | 0.20 | |
| | KM | Prepared Certification in Opposition | 0.40 | |
| | KM | Prepared 2nd Modified Plan | 0.75 | |
| 10/24/2024 | KM | Prepared 341a meeting letter and emailed to client. | 0.50 | |
| 11/6/2024 | KM | Served 1st Modified Plan on all interested parties. Prepared COS and filed with the court. Saved filed copy in file directory. | 0.75 | |
| 8/12/2024 | KM | Updated Petition & schedules. | 1.40 | |
| 8/13/2024 | KM | Updated Petition & Schedules | 2.00 | |
| 8/23/2024 | KM | Updated Petition and Schedules. | 0.50 | |
| 9/18/2024 | KM | Updated Petition & Schedules | 1.20 | |
| 9/25/2024 | KM | Update Petition and Schedules. | 0.50 | |
| 9/26/2024 | KM | Review email from client re Appraisal attached. Updated Petition and Schedules. | 0.40 | |
| | | For professional services rendered | 31.75 | $7,792.75 |

Additional Charges :

| | | |
|---|---|---|
| 10/23/2024 | Filing Fee - U.S. Bankruptcy Court | 313.00 |
| 11/6/2024 | Copies - 204 | 40.80 |
| | Postage | 11.64 |
| | Total additional charges | $365.44 |

| | |
|---|---|
| Total amount of this bill | $8,158.19 |

Accounts receivable transactions

| | | |
|---|---|---|
| 10/28/2024 | Payment from account - Gary K. Norgaard PC Fees | ($4,330.00) |
| | Total payments and adjustments | ($4,330.00) |

Joanne Geyh

Page    4

| | Amount |
|---|---|
| Balance due | $3,828.19 |

Please make checks payable to Gary K Norgaard PC

### Client funds transactions

| | Amount |
|---|---|
| Previous balance of client funds | $0.00 |
| 6/20/2024 Deposit to account - Joanne M. Geyh. Check No. 429 | $750.00 |
| 7/1/2024 Deposit to account - Richard J. Milano. Check No. 169 | $1,500.00 |
| 7/30/2024 Deposit to account - Joanne M. Geyh. Check No. 432 | $1,000.00 |
| 9/7/2024 Deposit to account - Richard J. Milano. Check No. 177 | $1,080.00 |
| 10/28/2024 Payment from account - Gary K. Norgaard PC Fees | ($4,330.00) |
| New balance of client funds | $0.00 |

### Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Alondra Martinez | 0.10 | 90.00 | $9.00 |
| Brian Hannon, Esq. | 11.10 | 425.00 | $4,717.50 |
| Kathleen Martini | 17.05 | 125.00 | $2,131.25 |
| Mark E. Norgaard, Esq. | 3.40 | 275.00 | $935.00 |
| Mark E. Norgaard, Esq. | 0.10 | 0.00 | $0.00 |

# Exhibit B

# LEGAL RETAINER AGREEMENT FOR CHAPTER 13 BANKRUPTCIES
**Norgaard, O'Boyle & Hannon**
(A trade name of Gary K. Norgaard, PC)
**184 Grand Ave.**
**Englewood, New Jersey 07631**
**(201) 871-1333**
**www.norgaardfirm.com**

**June 12, 2024**
**PERSONAL AND CONFIDENTIAL**

Joanne Geyh
371 Smith Place
Wyckoff NJ 07481
201-406-5867
joevmg22@aol.com

The undersigned client(s) (hereinafter "Client" or "You") agrees to retain the Firm of Norgaard, O'Boyle & Hannon (hereinafter "the Firm") as bankruptcy counsel for a Chapter 13 proceeding. This agreement is designed to memorialize the general nature and scope of the Firm's employment.

1.     **The services to be rendered:**

a.     Review documents provided by you to the Firm, calculate monthly disposable income and complete the various calculations essential for filing.

b.     Prepare and file a petition for relief under Chapter 13 of the Bankruptcy Code, including, but not limited to, schedules, Statement of Financial Affairs, Statement of Intention, Plan of Reorganization, and all required initial filing submissions.

c.     Copy and provide to the Chapter 13 Trustee copies of: (a) paystubs for the past 60 days; (b) tax returns or transcripts for the past 2 years; (c) valuation for any real property and any mortgage payoff(s); and (d) any other documents reasonably requested by the Trustee in Your case.

d.     Represent you at the initial § 341(a) Meeting of Creditors and plan confirmation hearings

e.     Filing of Certificate of Credit Counseling (pre-petition) and Financial   Management Certification (post-petition).

f.     To give legal counsel throughout the pendency of the proceedings.

**Initial Retainer Deposit:  The firm seeks <u>compensation for its service on an hourly</u> basis based on the rates set forth below; the client agrees to compensate the firm on such basis. As an initial retainer deposit toward the final bill, the client(s) agree to pay the amount of with (<u>$4,000.00</u>) due prior to commencement of the Bankruptcy Case subject to increase through**

fee applications during the course of the case, to be paid through the Chapter 13 plan. The client shall pay the amounts required prior to commencement of the Chapter 13 Case as follows:

a.   $750.00   upon execution hereof. This and all other payments will be credited toward any bankruptcy filed within six months of the first meeting with the firm.

b.   $500.00   upon the request of the firm when the time value of the services provided exceeds the amount of the initial deposit, and each time the time value of the services provided by the firm exceeds the amount paid to date, until the fee is paid in full.

**ALL WORK ON THE MATTER WILL CEASE UNTIL ANY REQUESTED INSTALLMENT IS PAID**

c.   Any unpaid funds are to be paid immediately prior to the filing of the petition with the Court, along with $313.00[1] representing the Court filing fee.

d.   The Firm will not file the chapter 13 petition until all amounts due prior to filing are received, including the filing fee.

You represent to us that the source of this retainer in this matter is your own assets and earnings.

4.   **Hourly Rates; Additional Compensation.**   Specifically, this agreement contemplates hourly billing for the Chapter 13 case, whether it be contested of not. The fee arrangement shall be $175.00 per hour for law clerks, $150 for paralegals, $250.00 to $325.00 per hour for associate attorney time and $400.00 to $425.00 per hour for partner and "of counsel" time. In the event that the initial retainer, as set forth above, is exhausted, the client shall pay an additional fee (subject to Court approval, if required) equal to the hourly rate of the Firm as set forth herein. In other words, once the initial retainer is exhausted through hourly billing applying the above rates, the Firm specifically reserves the right to make application to the Court for an enhanced fee in excess of the retainer deposit originally provided due to the additional time expended by the Firm.

5.   This retainer agreement contemplates representation of the Client in a Chapter 13 Bankruptcy Case only. This agreement does not require the Firm to represent the Client in the prosecution or defense of any Adversary Proceeding brought or to be brought before the Bankruptcy Court, or to represent the Client in any other lawsuit or matter brought or to be brought before any other Court or tribunal. In the event that the client desires representation in an adversary proceeding in Bankruptcy Court or in any other lawsuit or matter before any other court or tribunal, the Firm will require the Client to make a separate and additional retainer agreement.

6.   In the event the matter is converted to a chapter 7 the firm will charge an additional retainer fee of $750.00 for services in the chapter 7 and the hourly billing set forth able will apply.

---

[1] Or as revised by the courts.

This fee will not be subject to court approval and must be paid within ten (10) days of conversion or representation in the chapter 7 will not be assumed.

7.      All disbursements, Court costs and allowances are to be paid in addition to the above counsel fees. Debtor(s) authorize counsel to apply to the Court for these additional fees unless debtor(s) pay them directly.

8.      **NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO THE UNDERSIGNED AS TO ANY RESULTS IN THE SUBJECT PROCEEDINGS.** I (we) understand that we may lose our property, real or personal, including our home, in these proceedings and accept this risk with full knowledge. Further I (we) have fully discussed all potential risks and effects of these proceedings, have disclosed all relevant facts to my attorneys, and have executed the attached information sheet after fully reviewing the same.

9      **Failure to File.**      *If no petition is filed within 180 days of the first consultation, any payments received towards the retainer will **not** serve as a credit toward the final fee and the undersigned agree to pay for all services rendered up to the date the debtor(s) advises the Firm of the intention not to proceed, at the hourly rates set forth herein, and the Firm shall have no further obligations to the debtor(s).*

10.      **Withdrawal by Law Firm.**   If you fail to cooperate with the Firm , the Court or the Trustee or fail to honor any term hereof, including the prompt payment of any fee or expense provided for herein, the Firm reserves the right to withdraw as your attorney and may file a proof of claim and/or petition the court, for any unpaid fees or expenses. Client agrees that failure to make payment to the Firm shall constitute a material breach of our retention agreement and the Firm shall have the right to withdraw from its representation and, if necessary, make application to the Court to be formally relieved as counsel, in such event, client agrees to cooperate with the Firm's efforts to be relieved as counsel by obtaining replacement counsel at the earliest possible opportunity.  In the event it becomes necessary to pursue collection efforts to recover amounts owed to the Firm, the client will be responsible to reimburse the Firm for all reasonable attorneys' fees and expenses in doing so.

11.      **Judgment Liens.**      Judgment liens that have been entered will not be automatically removed from the New Jersey State Court records even if a discharge in bankruptcy terminates your legal responsibility to pay the underlying debt. As such the New Jersey Statutes (N.J.S.A. 2A:16-49.1) may permit you to file a motion in the state court, after the bankruptcy discharge, to clear those judgment liens of record. This retainer does not require the firm to make such a motion in the state court unless specifically provided for in the retainer agreement to the contrary.

12.      **Billing.**      Regular bills will be sent for all additional legal services as provided above, which must be paid in full upon receipt. The Firm may require that costs and expenses be paid in advance.

13.      **Tax Consequences.**  You are aware that the filing of a Voluntary Petition for Bankruptcy under Title 11 of the United States Bankruptcy Code may have certain tax consequences which require analysis by a tax professional. You further understand that this Firm will not render

any tax advice and you are urged to consult with your tax professional.

14. **Crimes related to transfer of asset.** The client acknowledges that the Firm is not engaged in the practice of criminal law and does not represent the client with regard to any criminal statute, procedure or otherwise. The client further acknowledges that it has been advised that the knowing and intentional transfer or concealment of assets for the purpose of placing the assets beyond control of a bankruptcy trustee or other fiduciary may subject the client to criminal liability pursuant to the MONEY LAUNDERING CONTROL ACT (18 U.S.C. §1956, 1957); THE COMPREHENSIVE THRIFT AND BANK FRAUD PROSECUTION AND TAX PAYER RECOVERY ACT of 1990 (Omnibus Crime Bill 1990); THE UNITED STATES CODE related to bankruptcy crimes (18 U.S.C. §152) and/or the INTERNAL REVENUE CODE (§7206 and/or 7212 et seq.) and specifically, that the client has been advised to disclose all transfers of whatever nature and in detail and with particularity that have occurred within the three years preceding the execution of this agreement and to discuss any subsequent transfers in advance or out of the ordinary course of the client's business in advance of such transfer.

15. **Conflicts of Interest.** No attorney, including this Firm, can represent entities that have conflicting interests. The undersigned clients may have now or may develop conflicts of interest wherein one action may be to the benefit of one client, but potentially to the detriment of the other. In the event any conflicts of interest now exists or potentially could arise, you acknowledge that we have discussed the same, and that after due consideration, disclosure and discussion, you as the client(s) consciously and affirmatively agree to waive the conflict of interest now existing or hereafter arising. You may revoke this waiver of conflict of interest or potential conflict of interest only in writing and the same shall be effective only upon receipt of the revocation and only after an appropriate time to adequately react to same.

You are aware that when we are representing a husband-and-wife potential for conflict of interest is significant and you are aware of the consequences of this waiver of conflict.

16. **Exclusion regarding actions of prior counsel.** Client acknowledges that the Firm assumes no responsibility for any actions taken by any attorney, Firm, representative, agent or party of any nature whatsoever in connection with the matter for which the Firm is retained, or any matter which the Firm handles on behalf of the client, as a result of any acts or omissions taken by any party other than the Firm itself, including prior counsel.

17. **Document Retention and Destruction.** It is not the policy of this Firm to retain any original documents. Clients are solely responsible for the integrity and location of all original documents. This Firm will make copies of any documents which it needs, at the clients' expense in accordance herewith, and all originals will be returned to the client as expeditiously as possible. It will be the client's responsibility to marshal and produce whatever original documents are necessary at the time the same become legally required in the opinion of the Firm.

Client acknowledges that the Firm cannot maintain its file(s) perpetually. As a result, it is agreed, that the Firm may destroy any and all files, documents, records, computer contents or other information in its possession after the passage of *three years* from receipt of such documentation. It is agreed, however, that it is not the obligation of the Firm to destroy, dispose of or remove any

document or documents, but merely the option of the Firm to do so if, in its sole discretion, the Firm does not wish to store same. In cases where a significant volume of documents or copies of documents must be stored, client authorizes the Firm to retain such storage services as are necessary, appropriate and reasonable, and to compensate the Firm for the cost of said services as part of the normal billing process. Client further acknowledges that the Firm is not responsible for the destruction or confidentiality in destruction of any documentation and that said documentation will be destroyed in any manner the Firm deems appropriate and reasonable. Further, such destruction and/or removal may occur without prior notice to the client.

18. **Default**.    If the client fails to make any payment within thirty (30) days of billing or Court order as the case may be, or if the client fails to comply with any of the requirements contained herein, and specifically fails to cooperate in the prosecution or defense of the matter for which this retention is hand, the Firm may discontinue further representation without further notice to the client subject only tot he issue of a Court Order where necessary. Any default of the terms hereunder by the principal obligor shall be a default from the guarantor.

19. **Attorneys' Fees.**    Should the within matter be referred to collection and/or result in litigation for the collection of fees the client shall, in addition to the 12% per annum interest assessed monthly at the rate of 1%, the Firm shall be entitled to reasonable attorneys' fees, costs and entitled disbursements, as defined herein above in paragraph #2. Further, the parties specifically agree herein that such attorneys' fees, costs, and disbursements constitute a valid cause of action in any judicial or non-judicial resolution including fee arbitration, of the claims created in favor of the Firm hereby.

20. **§342 Notice.**    In addition to separate notices explaining, *inter alia,* the differences of various chapters of the code, be advised that any person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a case under this title shall be subject to fine, imprisonment, or both and all information supplied in connection with a case under this title is subject to examination by the Attorney General.

I (WE) HAVE READ THE WITHIN AGREEMENT AND AGREE TO ITS TERMS, FURTHER THE FIRM HAS ANSWERED ALL OF OUR QUESTIONS AND FULLY EXPLAINED THE AGREEMENT AND SUPPLIED AN EXECUTED COPY. ADDITIONALLY, I HAVE RECEIVED, REVIEWED AND EXECUTED A COPY OF THE BANKRUPTCY INFORMATION AND DISCLOSURES REQUIRED BY THE BANKRUPTCY CODE

Dated: 6|20|84

_____
Joanne Geyl

Accepted by

**NORGAARD, O'BOYLE & HANNON**

By_____
Brian G. Hannon, Esq.

Chapter 13 Retainer
Page **6** of **6**